IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KARL E. McNEIL, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CIVIL ACTION NO. |
| MICHAEL J. ASTRUE, § | |
| JOHNNY SUTTON, § | SA-08-CV-0225 XR (NN) |
| MICHAEL MUKASEY, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

To: Honorable Xavier Rodriguez, United States District Judge

This report and recommendation recommends dismissal of defendants Michael Mukasey—the U.S. Attorney General—and defendant Johnny Sutton—the U.S. Attorney for the Western District of Texas. I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and this district's general order, dated July 17, 1981, referring for disposition by recommendation all cases where a plaintiff seeks review of a decision by the Commissioner of the Social Security Administration (the Commissioner) denying an application for benefits.[1] Previously, plaintiff Karl E. McNeil asked to proceed in forma pauperis in order to appeal the Commissioner's decision denying McNeil's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).[2] I granted the request and ordered the clerk to file McNeil's complaint without prepayment of fees and costs.[3] After reviewing

---

[1] *See* Local Rules for the Western District of Texas, appx. C, p. 10.

[2] Docket entry # 1.

[3] Docket entry # 4.

McNeil's complaint, I determined that McNeil had failed to state a claim against Mukasey and Sutton.  I issued a show cause order explaining why McNeil cannot sue Mukasey and Sutton and directing McNeil to show cause why Mukasey and Sutton should not be dismissed from this lawsuit for failure to state a claim.  I explained that McNeil could amend his complaint to delete Mukasey and Sutton as defendants if he agreed that Mukasey and Sutton are not proper defendants.  I warned McNeil that if he failed to respond to my order or to amend his complaint, I would recommend dismissal of Mukasey and Sutton as defendants.  McNeil did not respond to my order or amend his complaint.  Consequently, dismissal of those defendants is appropriate for two reasons: (1) for failing to state a claim, and (2) for failing to respond to an order of the court.

<u>Failure to state a claim</u>.  Section 405(g) of title 42, United States Code, permits an applicant to file a civil lawsuit to challenge a final decision by the Commissioner denying an application for DIB and/or SSI.  Typically, the Commissioner instructs applicants about the procedures for appealing an unfavorable decision in a letter forwarding an unfavorable decision.  The letter usually instructs the applicant to file a complaint in the United States District Court for the judicial district in which the applicant lives and to send a copy of the complaint and the summons to the U.S. Attorney for the judicial district where the applicant files his complaint.  These instructions are probably why McNeil named Mukasey and Sutton as defendants.

Neither Mukasey or Sutton have authority over matters related to DIB or SSI.  Instead, the U.S. Attorney represents governmental agencies like the SSA in legal matters like this case.  McNeil may have not understood this distinction when he filed his complaint, causing him to name Mukasey and Sutton as defendants.  But neither Mukasey and Sutton is a proper defendant—only the Commissioner is a proper defendant.  A complaint naming Mukasey and Sutton as defendants fails to state a claim upon which relief may be granted because Mukasey

and Sutton lack authority over DIB or SSI. Consequently, claims against Mukasey and Sutton should be dismissed from this lawsuit for failure to state a claim.

<u>Failure to respond to a court order</u>. The claims against Mukasey and Sutton should also be dismissed because McNeil failed to respond to my show cause order.[4]

### Recommendation

I recommend dismissal of Mukasey and Sutton as defendants in this case because they are not proper defendants in this case and because McNeil failed to respond to my show cause order. McNeil's claim against the Commissioner will proceed in accordance with the scheduling order.[5]

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[6] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the

---

[4] *See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

[5] Docket entry # 17.

[6] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[7] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[8]

    **SIGNED** on June 26, 2008.

*/s/ Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[7] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[8] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).