# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KARL E. McNEIL, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-08-CV-0225 XR (NN) |
| MICHAEL J. ASTRUE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** Honorable Xavier Rodriguez
United States District Judge

### Introduction

Plaintiff Karl E. McNeil acting pro se brought this action for judicial review of the final decision of the Commissioner of the Social Security Administration (the Commissioner), determining that McNeil is not disabled for the purposes of the Social Security Act (the Act) and denying McNeil's application for Supplemental Social Security Insurance (SSI). McNeil asks the district court to reverse the Commissioner's decision and to render judgment in his favor. After considering McNeil's brief in support of his complaint,[1] the record of the SSA proceedings, the pleadings on file, the applicable case authority and relevant statutory and regulatory provisions, and the entire record in this matter, I recommend affirming the Commissioner's decision. I have jurisdiction to enter this report and recommendation under 28 U.S.C.

---

[1]Docket entry # 24.

§ 636(b) and this district's general order, dated July 17, 1981, referring for disposition by recommendation all cases where a plaintiff seeks review of the Commissioner's denial of the plaintiff's application for benefits.[2]

## Jurisdiction

The district court has jurisdiction to review the Commissioner's final decision as provided by 42 U.S.C. §§ 405(g), 1383(c)(3).

## Administrative Proceedings

Based on the record in this case, McNeil exhausted his administrative remedies prior to filing this action in federal court. McNeil applied for SSI on April 28, 2003, alleging disability beginning March 30, 2001.[3] The Commissioner denied the application initially and on reconsideration.[4] McNeil then asked for a hearing before an ALJ.[5] A hearing was held on May 19, 2005.[6] The ALJ issued a decision on August 26, 2005, concluding that McNeil is not disabled within the meaning of the Act.[7] McNeil asked for review of the decision.[8] The Appeals Council initially dismissed the request for review because McNeil's request was untimely.[9]

---

[2] *See* Local Rules for the Western District of Texas, appx. C, p. 10.

[3] SSA record, p. 91.

[4] *Id.* at pp. 64-71 & 74-76.

[5] *Id.* at p. 78.

[6] *Id.* at pp. 266-87.

[7] *Id.* at pp. 57-62.

[8] *Id.* at p. 51.

[9] *Id.* at pp. 40 & 44.

Months later, McNeil asked the Commissioner to reopen his case to consider new evidence.[10] The Appeals Council set aside its earlier decision denying review and agreed to consider McNeil's additional evidence.[11] After considering the new evidence, the Appeals Council denied the request for review, determining that no basis existed for reviewing the ALJ's decision.[12] After receiving more new evidence, the Appeals Council denied a second request for review.[13] The ALJ's decision became the final decision of the Commissioner for the purpose of the district court's review pursuant to 42 U.S.C. § 405(g).[14] McNeil moved for leave to proceed in forma pauperis in this case on March 30, 2008.[15] After I granted McNeil's request, the clerk filed McNeil's complaint for review of the Commissioner's decision.[16]

### Issue Presented

> Is the ALJ's decision that McNeil is not under a "disability," as defined by the Act, supported by substantial evidence and does the decision comport with relevant legal standards?

### Analysis

**A. Standard of Review**

In reviewing the Commissioner's decision denying disability benefits, the reviewing court is limited to determining whether substantial evidence supports the decision and whether the

---

[10]*Id*. at p. 8.

[11]*Id*. at p. 36.

[12]*Id*. at p. 36.

[13]*Id*. at p. 5.

[14]*Id*.

[15]Docket entry # 1.

[16]Docket entry # 5.

Commissioner applied the proper legal standards in evaluating the evidence.[17] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[19]

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[20] In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from reweighing the evidence or substituting its judgment for that of the Commissioner.[21] Where a claimant submits new evidence to the Appeals Council and the Appeals Council denies the claimant's request for review of the ALJ's decision, the evidence submitted for the first time to the Appeals Council becomes part of the record to be reviewed by the reviewing court.[22] Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve.[23] Four elements of proof

---

[17]*Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

[18]*Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

[19]*Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).

[20]*Martinez*, 64 F.3d at 173.

[21]*Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *see also Villa*, 895 F.2d at 1021 (The court is not to reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.).

[22]*See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) (explaining that the district court must consider evidence submitted for the first time to the Appeals Council because the Appeals Council considered and evaluated the evidence, and thus the evidence constitutes evidence upon which the decision complained about is based).

[23]*Martinez*, 64 F.3d at 174.

are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.[24]

### 1. Entitlement to Benefits

Every individual who meets certain income and resource requirements, has filed an application for benefits, and is under a disability, is eligible to receive benefits.[25] The term "disabled" or "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[26] A claimant shall be determined to be disabled only if his physical or mental impairment or impairments are so severe that he is unable to not only do his previous work, but cannot, considering his age, education, and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if he applied for work.[27]

### 2. Evaluation Process and Burden of Proof

Regulations set forth by the Commissioner prescribe that disability claims are to be

---

[24] *Id.*

[25] 42 U.S.C. § 1382(a)(1) & (2).

[26] 42 U.S.C. § 1382c(a)(3)(A).

[27] 42 U.S.C. § 1382c(a)(3)(B).

evaluated according to a five-step process.[28] A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis.[29]

The first step involves determining whether the claimant is currently engaged in substantial gainful activity.[30] If so, the claimant will be found not disabled regardless of his medical condition or his age, education, or work experience.[31] The second step involves determining whether the claimant's impairment is severe.[32] If it is not severe, the claimant is deemed not disabled.[33] In the third step, the Commissioner compares the severe impairment with those on a list of specific impairments.[34] If it meets or equals a listed impairment, the claimant is deemed disabled without considering his age, education, or work experience.[35] If the impairment is not on the list, the Commissioner, in the fourth step, reviews the claimant's residual functional capacity and the demands of his past work.[36] If the claimant is still able to do his past work, the claimant is not disabled.[37] If the claimant cannot perform his past work, the Commissioner moves to the fifth and final step of evaluating the claimant's ability, given his residual capacities,

---

[28] 20 C.F.R. §§ 404.1520 and 416.920.

[29] *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[30] 20 C.F.R. §§ 404.1520 and 416.920.

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

6

age, education, and work experience, to do other work.[38] If the claimant cannot do other work, he will be found disabled. The claimant bears the burden of proof at the first four steps of the sequential analysis.[39] Once the claimant has shown that he is unable to perform his previous work, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is not only physically able to perform, but also, taking into account his exertional and nonexertional limitations, able to maintain for a significant period of time.[40] If the Commissioner adequately points to potential alternative employment, the burden shifts back to the claimant to prove that he is unable to perform the alternative work.[41]

**B. Findings and Conclusions of the ALJ**

In McNeil's case, the ALJ reached his decision at step five of the evaluation process. At step one of the process, the ALJ determined that McNeil had not engaged in substantial gainful activity since his alleged onset date[42] of March 30, 2001.[43] At step two, the ALJ determined that McNeil suffers from the following severe impairments: human immunodeficiency virus (HIV) infection, hypertension, and a depressive disorder.[44] At step three, the ALJ determined that McNeil's impairments do not meet or medically equal one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. At step four, the ALJ determined that McNeil has the residual

---

[38] *Id.*

[39] *Leggett*, 67 F.3d at 564.

[40] *Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002).

[41] *Anderson v. Sullivan*, 887 F.2d 630, 632-3 (5th Cir. 1989).

[42] SSA record, p. 61.

[43] *Id.* at p. 91.

[44] *Id.* at p. 61.

functional capacity to perform a wide range of medium work in nonhazardous work settings that do not require him to work at heights or to balance.[45] At step five, the ALJ consulted the Medical-Vocational Guidelines (the Guidelines) and determined that McNeil is not disabled under the Guidelines.[46]

## C. McNeil's Allegation of Error

McNeil did not specify an allegation of error in his brief. He only reported that he was awarded SSI in March 2008, suggested that the Commissioner erred in determining the amount of his SSI, and asked the court to proceed with this case for benefits beginning with his initial application.[47] Because my review of the record produced no evidence of disability, I suspended further briefing and asked the Commissioner to confirm whether McNeil had been awarded SSI benefits.[48] The Commissioner reported that McNeil had been awarded SSI based on an application filed on March 6, 2008.[49] I next considered whether the ALJ's decision is supported by substantial evidence and whether the decision comports with relevant legal standards. I determined that substantial evidence supports the ALJ's decision and the ALJ made no error of law. The Commissioner's award indicates McNeil's condition worsened, but nothing in the record supports disability during the time period for which the disability benefits were denied.

When he applied for SSI benefits on April 28, 2003, McNeil based disability on his sight

---

[45]*Id*. at p. 62.

[46]*Id*. at p. 62.

[47]Docket entry # 24.

[48]Docket entry # 25.

[49]Docket entry # 26.

in the left eye, high blood pressure, and HIV virus.[50] He claimed that his vision in both eyes had deteriorated, making it difficult to distinguish colors. This claim is particularly problematic for McNeil because he was trained in interior design and worked in that field.[51] As a young man, McNeil sustained a serious injury to his left eye. Over time, McNeil's left-eye vision worsened. Dr. Maureen Rolf examined McNeil on September 23, 2003, indicated that McNeil had a corneal defect in his left eye, and prescribed a new bifocal lens.[52] A visual evaluation report, dated May 24, 2005, indicated McNeil had lost vision in his left eye.[53] Even though McNeil's has no vision in his left eye, he is not statutorily blind because the evidence in the record shows vision he has in the right eye as 25/200[54] with the use of a correcting lens.[55] Thus, McNeil's vision did not provide a basis for disability.

In addition to his vision problems, McNeil tested positive for the HIV virus on January 1, 1999.[56] On January 15, 2003, McNeil's HIV-1 RNA level tested at the undetectable level—less than 400 copies of HIV RNA per 1 ml of plasma.[57] HIV RNA level predicts HIV disease

---

[50] *Id.* at p. 101.

[51] McNeil's work record is sporadic and suggests that much of his income was not reported to the Social Security Administration. According to McNeil, he has had little success obtaining work as an interior designer, and in other capacities, for quite some time. *See* SSA record, pp. 90, 95, 102, 113-20, 137, 194 & 273.

[52] *Id.* at p. 199.

[53] *Id.* at pp. 230-33.

[54] *Id.* at p. 230.

[55] *See* 20 C.F.R. § 416.981 ("Statutory blindness is central visual acuity of 20/200 or less in the better eye with the use of a correcting lens. An eye which has a limitation in the field of vision so that the widest diameter of the visual field subtends an angle no greater than 20 degrees is considered to have a central visual acuity of 20/200 or less.").

[56] SSA record, p. 187.

[57] *Id.* at p. 183.

9

progression and is used to guide the use of antiretroviral drugs. Less than 400 copies of HIV RNA per 1 ml of plasma is defined as an undetectable level. By September 18, 2003, McNeil's HIV-1 RNA level rose to 14,381copies of HIV RNA per 1 ml of plasma[58] and then dropped to 6,947 on December 16, 2003.[59] After rising to 17, 600 on November 30, 2004,[60] McNeil began highly active antiretroviral therapy (HAART) on December 16, 2004.[61] HAART is an aggressive treatment regimen used to suppress HIV viral replication and the progression of HIV disease.[62] Prior to the hearing before the ALJ, McNeil's HIV-1 RNA level had dropped to an undetectable level of HIV RNA.[63] This evidence supports the ALJ's finding that McNeil's HIV infection was not severe enough to meet or medically equal the listing for HIV or serve as a basis for disability.

McNeil also suffers from high blood pressure but the medical records indicate that McNeil's blood pressure has been controlled, except for an examination on May 2005 when McNeil reported that he had not been taking his blood pressure medications.[64] McNeil also experiences depression. The ALJ characterized McNeil's depressive disorder as severe even though the examining psychiatrist assessed McNeil's impairment as not severe.[65] The psychiatrist found that McNeil's depressive disorder mildly restricts his activities of daily living;

---

[58]*Id*. at p. 152.

[59]*Id*. at p. 254.

[60]*Id*.

[61]*Id*. at p. 237.

[62]*See* J.E. SCHMIDT, M.D., ATTORNEY DICTIONARY OF MED. 1-A 8901 (Matthew Bender 2005).

[63]SSA record, p. 252 (test results for April 14, 2005).

[64]*Id*. at p. 234-35.

[65]*Id*. at p. 201.

results in mild difficulties in maintaining social functioning; and causes mild difficulties in maintaining concentration, persistence or pace.[66] Nothing in the record reflects serious physical limitations. The ALJ's determination about McNeil's residual functional capacity is supported by a physical residual capacity assessment conducted by Dr. S. Spoor on December 12, 2003.[67]

Application of the Medical-Vocational Guidelines (the Guidelines) supports the ALJ's step five determination. The ALJ stated in his opinion that McNeil is not disabled under Guidelines Rule 203.27,[68] but citation to that rule appears to be a typographical error. Rule 203.27 applies to a younger individual, with a limited education, with previous skilled or semiskilled work experience that is not transferrable, and directs a finding of not disabled.[69] The ALJ's opinion recognized that McNeil is a person closely approaching retirement age with more than a high school education and previous skilled or semiskilled work experience that is not transferrable. Rule 203.07 applies to this criteria. Rule 203.07 directs a finding of not disabled. Despite the citation error, the ALJ reached the correct determination under the guidelines.

The record reflects that McNeil prefers substantial gainful employment, but has been unsuccessful in obtaining steady work.[70] He has obtained rent assistance through a program assisting individuals with HIV and worried about the loss of that assistance.[71] While the record

---

[66]*Id*. at p. 211.

[67]*Id*. at pp. 215-22 (indicating that McNeil can occasionally lift/carry 50 pounds; frequently lift/carry 25 pounds; stand/walk about 6 hours in an 8-hour day; sit about 6 hours in an 8-hour day; and is unlimited in the ability to push/pull except as indicated for lifting/carrying).

[68]*Id*. at p. 62.

[69]*See* 20 C.F.R. pt. 404, subpt. P, appx. 2, R. 203.27.

[70]*Id*. at p. 279, 284-86.

[71]*Id*. at p. 275; docket entry # 1.

11

reflects that McNeil had impairments during the time period for which benefits were denied, nothing in the record indicates that he was disabled under the Act during that time period. If McNeil questions the amount of SSI awarded based on his March 6, 2008 application, he must challenge the award in a different proceeding.

## Recommendation

Because the ALJ made no error of law and because substantial evidence supports the ALJ's determinations, I recommend DENYING McNeil's request for relief (docket entry # 5) and AFFIRMING the Commissioner's decision.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[72] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de*

---

[72] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

*novo* determination by the district court.[73] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[74]

**SIGNED** on November 3, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[73]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[74]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).